50 CCPA

ROYAL CROWN COLA CO., Appellant,

v.

SWEETIE BEVERAGES, INC., Appellee.

Patent Appeal No. 6842.

United States Court of Customs and Patent Appeals.

Nov. 14, 1962.

504

Parker & Walsh, Raymond A. Walsh, Washington, D. C., for appellant.

Caesar & Rivise, A. D. Caesar, Philadelphia, Pa., (Alan H. Bernstein and Stanley H. Cohen, Philadelphia, Pa., of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge JOSEPH R. JACKSON, Retired.

MARTIN, Judge.

This is an appeal from the decision of the Patent Office Trademark Trial and Appeal Board dismissing an opposition to registration of the words ACE HIGH as a trademark for root beer.

The applicant, appellee here, is the Sweetie Beverages, Inc. Use of the mark by appellee since 1956 is alleged. The opposer-appellant, Royal Crown Cola Co., is the owner of the registered mark NEHI for nonalcoholic, maltless beverages sold as soft drinks, and syrups and extracts for making the same [1] and for a chocolate flavored milk drink and concentrates for making the same.[2]

Appellant and its predecessors have since October 1924 produced beverage syrups and concentrates which they and franchised bottlers have continuously used in making soft drinks, including root beer, sold under the mark NEHI. NEHI soft drinks have been extensively advertised and sold by appellant, its predecessors and its franchised dealers.

There is no dispute that appellant is the prior user of its mark or that appellee's mark sought to be registered is used on the same type of goods as the goods on which appellant uses its trademark. The only issue is whether ACE HIGH so resembles the trademark NEHI as to be likely, when applied to appellee's root beer, to cause confusion or mistake or to deceive purchasers within the meaning of 15 U.S.C. § 1052.

The board answered that question by stating:

"* * * 'ACE HIGH' and 'NEHI', however, are distinctly different marks. They do not look alike and while they may be somewhat similar in sound, they are nevertheless readily distinguishable in that respect. Moreover, 'ACE HIGH' unlike opposer's mark 'NEHI' is a dictionary term which has a well known connotation of excellence."

Appellant urges several reasons for reversal of the board's decision. It points out that the marks at issue consist solely of two syllables, the last of which, namely, the suffixes HI and HIGH are phonetically identical and also that, in addition to the identity of the suffix in each case, there is a marked similarity in the sound of the entire marks when they are pronounced. It is urged that the suffix HI is an important and distinctive, if not dominant, feature of appellant's mark and that the public is likely to observe and remember a distinctive suffix of a trademark. Although the two marks may be distinguished if examined side by side, it is argued that the test of deceptive similarity is not side by side comparison but memory comparison. Ap-

1. Reg. No. 207,317, issued December 29, 1925 to a predecessor; renewed; and Reg. No. 556,003, issued Mar. 11, 1952.

2. Reg. No. 553,227, issued Jan. 8, 1952.

pellant further argues that the likelihood of confusion between NEHI and ACE HIGH is increased by the character of purchasers and circumstances surrounding the purchase of soft drinks and by the low retail price of the goods.

Appellee, on the other hand, urges that NEHI and ACE HIGH do not look alike. It is pointed out that while NEHI is a small unitary term, ACE HIGH consists of two words, that is, the distinctive word ACE and the word HIGH which is a dictionary word and has been properly spelled. It is also contended by appellee that ACE is radically different in sound from the first syllable NE of appellant's mark and that HIGH and HI are not always identical in pronunciation, the pronunciation depending upon the origin and environment of the users. Therefore, urges appellee, ACE HIGH and NEHI do not sound alike. Appellee points out that the average purchaser of a soft drink will exert the same relatively high degree of care as he would in selecting any other kind of food and that this fact extenuates in the purchaser's mind the differences in sound, appearance and commercial impression between the respective marks, with the result that the marks serve readily to distinguish the goods of the parties rather than to create any likelihood of confusion.

We agree with the board. We do not think that ACE HIGH so resembles NEHI that use by appellee of ACE HIGH on its goods is likely to confuse the purchasing public. NEHI and ACE HIGH certainly do not have the same appearance. As to their respective meanings, we find significant differences there also. We believe that ACE HIGH suggests a most superior product and NEHI, if it means anything at all, would suggest something short, being mentally associated with "knee high" or, to one who is familiar with the expression "knee high to a grasshopper," it might be associated with that phrase. Furthermore, NEHI and ACE HIGH do not sound alike. There may be some merit to appellant's contention that the suffix HI is an important and distinctive, if not domi-

nant, feature of its mark, but that contention is not of sufficient weight to overcome the determining significance of the other factors we have previously discussed.

We find nothing in the infringement action in Nehi v. Becker et al., D.C., 3 Fed.Supp. 94, which would have any material bearing on the facts and issues here.

For these reasons we affirm the decision of the board.

Affirmed.